UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: APPLE INC. SMARTPHONE
ANTITRUST LITIGATION                                                                    MDL No. 3113

TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in a Northern District of California action move under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of California. The litigation consists of ten actions pending in two districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of 31 related actions pending in five districts.[1] Defendant Apple Inc. and nearly all responding plaintiffs either support or do not oppose centralization, although they differ as to the appropriate transferee district. Plaintiffs in five Northern District of California actions request that the actions be centralized in the Northern District of California. Apple and plaintiffs in thirteen actions, in the first instance or in the alternative, request centralization in the District of New Jersey   Plaintiff in the Northern District of Illinois *Giamanco* potential tag-along action requests that his action, brought on behalf of a putative class of Apple Watch purchasers, be excluded from any MDL, and that Apple Watch claims by other plaintiffs be separated and remanded under Section 1407(a).

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact and that centralization in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions share common questions of fact arising from allegations that Apple has monopolized or attempted to monopolize the smartphone market by controlling the creation and distribution of apps compatible with the iPhone and suppressing technologies that would make the iPhone more compatible with competitors' devices. Specifically, plaintiffs allege that Apple's practices and conduct relating to five technologies—"super apps,"[2] cloud streaming gaming apps, messaging, smartwatches, and digital wallets—have impeded users from purchasing non-Apple products. Plaintiffs seek certification of overlapping nationwide and statewide classes of iPhone

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] Super apps are apps that host an array of programs and device features and operate in the same way on any web browser or device.

- 2 -

purchasers and, in some instances, Apple Watch purchasers. Plaintiffs variously assert virtually identical claims under the Sherman Act, state antitrust and consumer protection laws.

In view of the number of involved actions, districts, and plaintiffs' counsel, centralization will serve the convenience of the parties and witnesses, and conserve judicial resources. Centralization is particularly merited here, as these overlapping cases are highly complex and likely will involve time-consuming fact and expert discovery. Further, centralization will avoid the possibility of inconsistent pretrial rulings, particularly with respect to class certification and *Daubert* issues.

Plaintiff in the Northern District of Illinois *Giamanco* potential tag-along action, who seeks to represent only Apple Watch purchasers, takes no position with respect to centralization of iPhone claims, and argues that, if an MDL is created, his action should be excluded and other claims on behalf of Apple Watch purchasers should be separated and remanded, rather than being included in the MDL.[3] Plaintiff in *Giamanco* maintains that there is only minimal overlap between the Apple Watch and iPhone claims, as they focus on different products and markets, and concern different types of anticompetitive conduct.[4] This argument is not persuasive. The iPhone and Apple Watch claims are based on the same premise: that Apple has designed the iPhone and the Apple Watch to be fully compatible only with one another. All the actions—including *Giamanco*—allege that Apple limits the functionality of third-party smartwatches when paired with iPhones in order to lock users into the Apple "ecosystem." Moreover, although plaintiff in *Giamanco* claims that the classes of iPhone purchasers and Apple Watch purchasers are distinct, in fact, almost all Apple Watch owners also own iPhones. While the effects of Apple's alleged resistance to cross-platform technology on the markets and pricing for iPhones and Apple Watches may present separate issues, the actions will involve substantial factual overlap and common discovery.

The District of New Jersey is an appropriate transferee district for this litigation. Twenty-six of the 41 total actions are pending there before Judge Julian X. Neals, and Apple and most of the responding plaintiffs request centralization in that district. Judge Neals also presides over a related civil antitrust enforcement action recently brought by the U.S. Department of Justice and the attorneys general of fifteen states and the District of Columbia. Centralization of the private litigation in the District of New Jersey before Judge Neals will provide opportunities for coordination with the government action, avoid duplicative discovery, and minimize the risk of inconsistent rulings on overlapping issues. Judge Neals is an accomplished jurist, and we are confident that he will steer this matter on an efficient and prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of

---

[3] Moving plaintiff in the Northern District of California *Chiuchiarelli* action also seeks to represent a class of Apple Watch purchasers, along with a class of iPhone purchasers.

[4] None of the other plaintiffs request that the Apple Watch actions be excluded from the MDL, and Apple argues that the Apple Watch claims should be included.

- 3 -

that court, assigned to the Honorable Julian X. Neals for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton
David C. Norton
Dale A. Kimball

Matthew F. Kennelly
Roger T. Benitez
Madeline Cox Arleo



**TRUE AND CERTIFIED COPY**
**Keith Guthrie**
**11:24 am, Jun 21 2024**

IN RE: APPLE INC. SMARTPHONE
ANTITRUST LITIGATION

MDL No. 3113

## SCHEDULE A

### Northern District of California

COLLINS, ET AL. v. APPLE INC., C.A. No. 3:24-01796
SCHERMER v. APPLE INC., C.A. No. 3:24-01815
CHIUCHIARELLI, ET AL. v. APPLE INC., C.A. No. 3:24-01895
MILLER, ET AL. v. APPLE INC., C.A. No. 3:24-01988
LOEWEN v. APPLE INC., C.A. No. 3:24-02006
DWYER, ET AL. v. APPLE INC., C.A. No. 5:24-01844

### District of New Jersey

GOLDFUS v. APPLE INC., C.A. No. 2:24-04108
KOLINSKY, ET AL. v. APPLE INC., C.A. No. 2:24-04232
LEVINE v. APPLE INC., C.A. No. 2:24-04284
KURTZ v. APPLE INC., C.A. No. 2:24-04355